290

William A. LYNCH, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 99–4554.

United States Court of Appeals,
Sixth Circuit.

March 7, 2001.

Before KEITH, SILER, and CLAY,
Circuit Judges.

William A. Lynch, a pro se Ohio resident, appeals a district court judgment dismissing his civil action filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Lynch sued the United States contending that he did not receive appropriate care for his psychiatric condition at the Department of Veterans Affairs's facility in Canton, Ohio. Following a bench trial, the district court granted judgment for the United States finding that Lynch failed to prove that he received negligent treatment or suffered any damages. In his timely appeal, Lynch essentially challenges the factual findings of the district court concerning the treatment he received from the VA clinic.

The court reviews the district court's legal conclusions de novo and the

district court's factual findings for clear error. *Schroyer v. Frankel,* 197 F.3d 1170, 1173 (6th Cir.1999). The district court's credibility determinations are also reviewed for clear error. *See In re Cleveland Tankers, Inc.,* 67 F.3d 1200, 1205 (6th Cir.1995).

Upon review, we conclude that the district court's findings of fact are not clearly erroneous. Therefore, Lynch's objections to the district court's factual findings are without merit. Further, our de novo review of the district court's legal conclusions shows no error of law.

■ The district court found that Lynch failed to establish that the VA clinic was negligent in its treatment. The district court's factual findings establish that Lynch was inconsistent in obtaining his medical treatment at the VA clinic. Lynch repeatedly switched therapists, was not consistent with his therapy sessions, and missed appointments. As the facts establish that Lynch's psychiatric problems were a result of his own actions, Lynch failed to establish a case of negligence against the United States.

■ Finally, we note that the district court did not err in denying Lynch's motion for a continuance. Lynch was given the opportunity to submit evidence after the conclusion of the bench trial. Lynch did submit additional evidence after the trial. Thus, the district court did not err in denying Lynch's motion for a continuance.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.